ORDER (Denying Motion to Amend Complaint)
TINA F. GOUTY-YELLOW, Associate Judge.
INTRODUCTION
On October 23, 2004, the Ho-Chunk Nation General Council enacted General Council Resolution 25 providing for the removal of the plaintiff from his office as a member of the Ho-Chunk Nation Legislature.[1] On November 18, 2004, the Court issued its Preliminary Injunction. On January 31, 2005, the plaintiff filed the Motion to Am,end the Complaint and the Amended Complaint. Defendants Legislature and Election Board filed a letter in response on February 14, 2005. Defendant HCN General Council filed a response on February 15, 2005. The petitioner filed a response to defendant HCN General Council on February 16th, 2005. Based upon the record, the Court denies the Motion to Amend the Complaint.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
ARTICLE III—ORGANIZATION OF THE GOVERNMENT
Section 1. Sovereignty. The Ho-Chunk Nation possesses inherent sovereign powers by virtue of self-government and democracy.
Section 2. Branches of Government. The government of the Ho-Chunk Nation shall be composed of four (4) branches: General Council, Legislature, Executive, and Judiciary.
Section 3. Separation of Functions. No branch of the government shall exercise the powers and functions delegated to another branch.
Section 4. Supremacy Clame. This Constitution shall be the supreme law over all territory and persons within the jurisdiction of the Ho-Chunk Nation.
ARTICLE IV—GENERAL COUNCIL
Section 1. Powers of the General Council. The People of the Ho-Chunk Nation hereby grant all inherent sovereign powers to the General Council. All eligible voters of the Ho-Chunk Nation are entitled to participate in General Council.
Section 2. Delegation of Authority. The General Council hereby authorizes the legislative branch to make laws and appropri *217 ate funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Section 3. Powers Retained by the General Council.
a. The General Council retains the power to set policy for the Nation.
b. The General Council retains the power to review and reverse actions of the Legislature except those enumerated in Section 4 of this Article. The General Council shall return such reversals to the Legislature for reconsideration consistent with the action of the General Council. The General Council retains the power to review and reverse decisions of the Judiciary which interpret actions of the Legislature. The General Council does not retain the power to review and reverse decisions of the Judiciary which interpret this Constitution.
c. The General Council retains the power to propose amendments in accordance with Article XIII, including those which reverse decisions of the Judiciary interpreting this Constitution.
d. The General Council retains the power to establish its own procedures in accordance with this Constitution.
e. The General Council retains the power to call a Special Election.
f. Actions by the General Council shall be binding.
Section 4. Excepted Powers. The General Council does not retain the power to review actions relating to the hiring or firing of personnel.
Section 5. Annual Meetings. The People shall meet in General Council at least one time each year, which shall be called by the President, and at other times as provided in Section 6 of this Article. Notice shall be provided by the President for all Annual Meetings of the General Council.
Section 6. Special Meetings. Special Meetings of the General Council shall be called by the President upon petition by twenty (20) percent of the eligible voters, or upon written request of a majority of the Legislature, or when deemed necessary by the President. Notice shall be provided by the President for all Special Meetings of the General Council.
Section 7. Procedures. Twenty (20) percent of the eligible voters of the Nation present in General Council shall constitute a quorum. Each action of the General Council shall require the presence of a quorum. The President shall call all Annual and Special General Council Meetings, except those meetings called pursuant to Article IX, Section 2. When a quorum is attained, the General Council shall elect either the President or another person to conduct the meeting. A secretary shall be appointed to record the minutes of all General Council meetings, including any votes taken. The secretary shall transmit the minutes of General Council meetings to the Legislature.
ARTICLE VII—JUDICIARY
Section 5. Jurisdiction of the Judiciary.
a. The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho- *218 Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Section 6. Powers of the Tribal Cowrt.
a. The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial' Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all wilts including attachment and mandamus.
b. The Trial Court shall have the power to declare the laws of the Ho-Chunk Nation void if such laws are not in agreement with this Constitution.
ARTICLE VI11 —ELECTIONS
Section 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
ARTICLE IX—REMOVAL, RECALL AND VACANCIES
Section 1. General Council Removal of Legisla,tars. The General Council may remove any member of the Legislature for malfeasance. No vote by the General Council to remove a member of the Legislature shall take place before such Legislator has been given reasonable notice of the impending action and has had a reasonable opportunity to be heard.
ARTICLE X—B ILL OF RIG MTS
Section 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances.;
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the due process of law;
(9) pass any bill of attainder or ex post facto law;
ARTICLE XII—SOVEREIGN IMMUNITY
Section 1. Immunity of Nation. from Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials and employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Section 2. Suit Against Officials and Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief In Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by this constitution or other applicable laws.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made at trial. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on *219 legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
(C) Motions for Expedited Consideration. Any Motion which requires action within five (5) calendar days shall be accompanied by a Motion for Expedited Consideration. The Motion for Expedited Consideration shall state the reasons why the Accompanying Motion should be heard prior to the normal time period, and what efforts the party has made to resolve the issue with the opposing party prior to filing the Motion for Expedited Consideration.
Rule 20. Hearings on Motions.
The Court may grant a hearing on a Motion at its own discretion or at the request of a party. A party requesting a hearing must (a) schedule the hearing with the Court and (b) deliver or mail notice of the hearing to other parties at least five (5) calendar days prior to the hearing. If the trial is scheduled to begin within the time allowed for a hearing, all responses shall be made by the time scheduled for commencement of the trial. Motions made within fourteen (14) calendar days of trial may be dismissed and costs and fees assessed against the moving party if the Court finds no good cause exists for failing to file the Motion more than fourteen (14) calendar days in advance of the trial.
Rule 21. Amendment to Pleadings
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. Alb amendments to the Complaint or Answer must be filed at least thirty (30) calendar days prior to trial or as otherwise directed by the Court. When an Amended Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in their original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual . or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered- *220 proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend or a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 00. Emergency Order, Temporary Restraining Order and Ex parte Temporary Restraining Order.
*221 (A) Emergency Order. The Court may enter an Emergency Order without a hearing if it appears from the Complaint, affidavits and sworn testimony that irreparable harm will result without the Order. The Order will expire in thirty (30) calendar days unless extended by the Court for good cause. A hearing on the matters contained in the Order will be held prior to its expiration. The removal of a child from its residence by the Department of Social Services or equivalent agency and the imminent destruction of records or property essential to the case are examples of matters which may require an Emergency Order.
(B) Temporary Restraining Order. When it appears from a party’s pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure the party, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.
(C) Procedure. The application for an injunction or restraining order made to the Court shall not be heard except upon notice to such other persons as may be defendants in the action unless the Court is of the opinion that irreparable loss or damage will result to the applicant unless a temporary restraining order is granted.
(D) Time. The Court may grant such temporary restraining order at any time before a hearing and determination of the application for an interlocutory injunction. However, such temporary restraining order shall be effective only for thirty (30) calendar days unless extended after notice and hearing thereon, or upon written consent of the parties or their attorneys.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
Rule 69. Who Is Bound by Judgment.
All parties and interested persons who are within the jurisdiction of the Court and who had notice of the case pending before the Court are bound by the judgment whether or not they appeared.
DECISION
The Motion, to Amend the Com/plaint was filed on January 31, 2005. The original Complaint was filed on November 1, 2004, with the Injunction granted on November 18th, 2005. The defendant, HCN General Council, filed their answer to said Complaint on November 22, 2004, as did the defendant Legislature and Election Board. The first permissive rule would have allowed the plaintiff to amend the original Complaint by November 22, 2004 without leave of the Court. The plaintiff failed to submit his amendment and therefore, this rule does not apply. The second aspect of the Rule 21 would allow, Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. Herein, there is objection from both defendants as stated in their responses as filed with the Court. The Court: looks to the only other basis which requires the permission of the court with a showing of good cause.
*222 A number of considerations must be reviewed to find-good cause. Timeliness of filing said request is such a consideration. Herein, the plaintiff filed on January 31, 2005. A Scheduling Conference occurred on January 6, 2005 at which time this matter was discussed along with other motions. Additionally, defendant Legislature and Election Board discussed filing a Motion to Dismiss, along with a due date and a date to argue, i.e., February 2, 2005, along with defendant HCN General Council’s Motion to Dismiss and Motion for Reconsideration as filed on November 29th, 2004. Defendant Legislature and Election Board filed their Motion to Dismiss on January 21, 2005. The plaintiff did not file the Motion to Amend until January 31, 2005, after the defendant Legislature and Election Board had filed their Motion to Dismiss and sixty-three (63) days after the permissive deadline of November 29, 2004. The Motion to Amend, the Complaint fails the consideration of timeliness and fairness to all of the parties.
The consideration of good cause focuses the Court on an issue that according to Black’s Law Dictionary requires, “a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.” In the case at hand, the plaintiff was not required to file a Motion to Amend; he was only required to file said matter in a specified manner. The plaintiff failed to file the motion according to the permissive deadline which then requires the Court to provide leave and a showing of good cause. The plaintiff fails to provide any good cause explanation in this Motion to Amend. The only discerna-ble reason is to provide additional facts that were not available at the time of filing of the Complaint. The Ho-Chunk Trial Court has permissive rules regarding both complaints and answers and expects additional faets to come forward throughout the proceedings. The Court denies the Motion to Amend as good cause does not exist.
RIGHTS OF THE PARTIES
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P.] specifically [HCN R.App. P.J, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notiee of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.]” HCN R. Civ. P. 61.

. The number designation, “25" is the chro-nologicaf number assigned to the resolution as it appears in the October 27, 2004 edition of the Hocak Worak.